# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN GRABOWSKI, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>LONE WOLF SOFTWARE, INC. d/b/a INCEPTION TECHNOLOGIES, a California corporation,<br><br>Defendant. | Case No. 1:24-cv-2824 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Lone Wolf Software, Inc. ("Lone Wolf" or "Defendant") hereby removes this action from the Circuit Court of DuPage County, Illinois, to the U.S. District Court for the Northern District of Illinois. Removal is proper because this Court has jurisdiction under (i) the Class Action Fairness Act of 2005 and (ii) 28 U.S.C. § 1332(a). In support of removal, Lone Wolf states as follows:

## JURISDICTION AND VENUE

1.  This Court has original jurisdiction over this civil action under 28 U.S.C. §§ 1332(d)(2), 1441, and 1453. This action is therefore removable: (i) pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b), because this is a class action in which the size of the proposed class exceeds 100 members, there is diversity of citizenship between at least one member of the putative class of plaintiffs and one defendant, and the amount in controversy exceeds $5 million, exclusive of interest and costs; and (ii) pursuant to 28 U.S.C. §

1

1332(a), because complete diversity exists between the parties and the amount in controversy for Plaintiff's claims exceeds $75,000.

2. Removal to this Court is proper because the U.S. District Court for the Northern District of Illinois embraces the Circuit Court of DuPage County, Illinois, where Plaintiff John Grabowski ("Plaintiff") filed this action. *See* 28 U.S.C. §§ 93(a)(1), 1441(a).

## STATE COURT ACTION

3. On February 23, 2024, Plaintiff filed a Class Action Complaint in the Circuit Court of DuPage County, Illinois, Case No. 2024-LA-000248, based on alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* (the "BIPA"). *See* **Exhibit A**, Class Action Compl., attached hereto.[1]

4. Plaintiff brings this action for "statutory damages" and other relief as a result of Lone Wolf's alleged "BIPA violations." *E.g.*, *id.* ¶¶ 9, 13, 34(g). Plaintiff alleges Lone Wolf violated the BIPA by: (1) failing to make publicly available a written retention schedule regarding the purported storage of Plaintiff's biometric data, in violation of Section 15(a) of the BIPA, *e.g.*, *id.* ¶¶ 42-43; (2) failing to inform Plaintiff and putative class members in writing that Lone Wolf was collecting their biometric data, in violation of Section 15(b) of the BIPA, *e.g.*, *id.* ¶ 52; and (3) "disclos[ing] or otherwise disseminat[ing]" Plaintiff's biometric data without consent, in violation of Section 15(d) of the BIPA, *e.g.*, *id.* ¶¶ 61-62.

---

[1] In the state court action, Plaintiff named Nagle Advisors, LLC, Archer Advisors, LLC, and Paylocity Corporation as "Respondents in Discovery." Ex. A, Compl. at p. 1. An entity's status as a "Respondent in Discovery" under the Illinois Code of Civil Procedure does not impact the removal analysis, and the Court need not consider the citizenship of the Respondents in Discovery in determining whether diversity exists. *See, e.g.*, *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1485 n. 3 (7th Cir. 1996) ("[A]t the time she filed her motion to remand, Dr. Anderson was not a party in the lawsuit, but merely a respondent-in-discovery. Thus, his citizenship for purposes of diversity was irrelevant."); *Ford v. Mannesmann Dematic Corp.*, No. 00-CV-1226, 2000 WL 1469371, at *4 (N.D. Ill. Oct. 2, 2000) ("A respondent in discovery . . . is not a party to a lawsuit. . . . Therefore, we do not consider S & S Steel a party litigant for purposes of determining diversity.").

5. Plaintiff requests, on behalf of himself and a putative class, an order: (1) certifying the above-captioned case as a class action; (2) declaring that Lone Wolf violated the BIPA; (3) awarding "statutory damages of $5,000 for each willful and/or reckless violation . . ., pursuant to 740 ILCS 14/20(2)"; (4) awarding "statutory damages of $1,000 for each negligent violation . . ., pursuant to 740 ILCS 14/20(1)"; and (5) "[a]warding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3)." *See id.* at pp. 11, 14, 16.

6. On March 7, 2024, Plaintiff served Lone Wolf with copies of the Complaint, Summons, and Plaintiff's Motion for Class Certification filed in the state court action. *See* Ex. A.

7. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been filed and served on Lone Wolf in the state court action are attached hereto as Exhibit A.

8. No further proceedings have occurred in the state court action. *See* **Exhibit B**, attached hereto (18th Judicial Circuit Court Clerk, DuPage County, Illinois, Case Summary Details for Case No. 2024-LA-000248 (Apr. 8, 2024)).

## TIMELINESS

9. Removal is timely because Lone Wolf filed this Notice within 30 days of service of the Complaint, which occurred on March 7, 2024. *See* 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C).

## GROUNDS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

10. This Court has original jurisdiction under the CAFA because: (1) the putative class includes more than 100 members; (2) there is minimal diversity of citizenship; and (3) the amount in controversy exceeds $5 million.

**CLASS SIZE**

11. The class Plaintiff seeks to represent includes more than 100 members. The proposed class includes "[a]ll individuals whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, or otherwise used by or on behalf of Defendant in or from within Illinois at any time within the applicable limitations period." Ex. A, Compl. ¶ 30.

12. Plaintiff alleges that "there are at least one hundred members of the Class." *Id.* ¶ 32. Solely for purposes of removal, and without conceding that Plaintiff or the class are entitled to any relief, Lone Wolf assumes Plaintiff's allegation that the proposed class includes "at least one hundred members" is true. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017) ("[D]efendant may rely on the estimate of the class number set forth in the complaint.").

13. While the precise number of individuals in the class cannot be determined until discovery, the aggregate putative class size according to Plaintiff's allegations is, at minimum, 350 members.

**MINIMAL DIVERSITY OF CITIZENSHIP**

14. There is minimal diversity of citizenship among the parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

15. For purposes of determining diversity, an individual is a "citizen" of the state in which he is domiciled. *See Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) ("[I]t has long been established that natural persons are typically a citizen of the state in which they reside or — to be more precise — are 'domiciled.'") (citation omitted).

16. Plaintiff, as described in the Complaint, has been "at all relevant times . . . a resident and citizen of the state of Illinois." Ex. A, Compl. ¶ 14.

17. Lone Wolf "is a California corporation headquartered in Glendale, Arizona." *Id.* ¶ 15. Furthermore, from the time this lawsuit was filed to the present, Lone Wolf has been a corporation organized under California law with its principal place of business in Arizona. Accordingly, Lone Wolf is a citizen of the States of California and Arizona for diversity purposes. *See* 28 U.S.C. § 1332(c)(1) (a corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business"); *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 575 (2004) (holding that citizenship for purposes of diversity jurisdiction is assessed at the time of the complaint's filing).

18. Accordingly, minimal diversity exists between Plaintiff and Lone Wolf. *See Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965-66 (7th Cir. 2016) (minimal diversity under the CAFA existed when class representative was Illinois citizen and defendant was Delaware corporation with principal place of business in Arizona).

### AMOUNT IN CONTROVERSY

19. The amount in controversy under the CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

20. To demonstrate that the amount-in-controversy requirement is met, Lone Wolf need only plead that there is a "reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v.*

5

*Serv. Corp. Int'l*, 639 F.3d. 761, 763 (7th Cir. 2011) (citation omitted); *see Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (defendant's good-faith estimate of amount in controversy is sufficient for removal purposes).

21. Lone Wolf denies the merits of Plaintiff's claims and denies that Plaintiff or the putative class are entitled to any monetary or other relief. Solely for purposes of CAFA jurisdiction, however, the amount in controversy exceeds $5 million.

22. Plaintiff seeks, among other things, statutory damages of $5,000 "for each willful and/or reckless violation of . . . BIPA, pursuant to 740 ILCS 14/20(2)" and $1,000 "for each negligent violation of . . . BIPA, pursuant to 740 ILCS 14/20(1)." Ex. A, Compl. at pp. 11, 14, 16. Plaintiff also alleges at least three separate statutory "violations" in Counts I through III under Sections 15(a), 15(b), and 15(d) of the BIPA. *Id.* ¶¶ 38-67.

23. Based solely on the Complaint's allegations (which Lone Wolf denies), and assuming an aggregate class size of 334 (which is consistent with Plaintiff's allegation that "there are at least one hundred members of the Class," *id.* ¶ 32), if each class member is entitled to recover $5,000 for each alleged Section 15(a), 15(b), and 15(d) violation, recovery of greater than $5 million is legally possible (*i.e.*, 334 class members x $5,000 statutory damages x 3 violations = $5,010,000).[2] *See Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (internal citation omitted).

---

[2] Lone Wolf includes this amount in controversy based solely on the Complaint's allegations and does not concede Plaintiff's allegations are correct. Lone Wolf also does not concede that Plaintiff's putative class is certifiable.

6

## **GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION**

24. This Court also has subject matter jurisdiction under 28 U.S.C. §1332(a) because complete diversity exists between the parties and the amount in controversy for Plaintiff's individual claims exceeds $75,000.

### COMPLETE DIVERSITY OF CITIZENSHIP

25. Complete diversity exists where a civil action is between "citizens of different States," 28 U.S.C. § 1332(a) – *i.e.*, where no plaintiff is a citizen of the same state as any defendant.

26. As stated, Plaintiff is a citizen of Illinois, and Lone Wolf is a citizen of California and Arizona. *See* Ex. A, Compl. ¶¶ 14-15. Accordingly, complete diversity exists.

### AMOUNT IN CONTROVERSY

27. Based on the Complaint's allegations, the amount in controversy exceeds $75,000. When analyzing the amount in controversy in a class action under 28 U.S.C. § 1332(a), "at least one named plaintiff must satisfy the jurisdictional amount." *Clement v. Lau*, No. 03 C 6179, 2003 WL 22948671, at *2 (N.D. Ill. Dec. 10, 2003). In other words, "the individual claims of class members cannot be aggregated to meet the jurisdictional amount, and instead each class member is required to have a jurisdictionally-sufficient claim." *Id.*; *see also In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997).

28. Plaintiff alleges "willful and/or reckless" violations of the BIPA, *e.g.*, Ex. A, Compl. at pp. 11, 14, 16, which carry statutory damages of $5,000 "per violation." *See* 740 ILCS 14/20. Plaintiff also alleges that "each time [he] scanned his finger into the" alleged "biometric-enabled timekeeping device," his "biometric identifier, or information derived directly therefrom, *i.e.*, his biometric information, was collected and stored by Defendant and/or on Defendant's servers." Ex. A, Compl. ¶¶ 24-25.

7

29. Because "a separate claim accrues under [Section 15(b) of the BIPA] each time a private entity scans . . . an individual's biometric identifier or information," *Cothron v. White Castle System, Inc.*, 2023 IL 128004, ¶ 1, Plaintiff having worked only eight shifts "[d]uring his employment with Defendant's Shop & Save customer," Ex. A, Compl. ¶ 24, would result in the amount in controversy for his individual Section 15(b) claim exceeding $75,000 (*i.e.*, $5,000 statutory damages x 16 violations (two "scans" per shift) = $80,000).

## NOTIFICATIONS

30. Lone Wolf will promptly provide written notice to Plaintiff, through counsel, of the removal, in accordance with 28 U.S.C. § 1446(d).

31. Lone Wolf will file a copy of its Notice of Removal with the Clerk of the Circuit Court of DuPage County, Illinois, in accordance with 28 U.S.C. § 1446(d).

## NON-WAIVER

32. If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the removal clock will have not begun to run, and Lone Wolf reserves the right to remove this action at the appropriate time. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013).

33. Lone Wolf reserves all defenses and objections it may have to this action, without conceding either the Complaint's allegations or that Plaintiff has pleaded claims upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, this action is properly removed to this Court.

| | |
|---|---|
| **Dated: April 8, 2024** | Respectfully submitted,<br><br>/s/ *Gerald L. Maatman, Jr.*<br>Gerald L. Maatman, Jr.<br>(gmaatman@duanemorris.com)<br>Jennifer A. Riley<br>(jariley@duanemorris.com)<br>Tyler Zmick<br>(tzmick@duanemorris.com)<br>Ryan Garippo<br>(rgarippo@duanemorris.com)<br>DUANE MORRIS LLP<br>190 South La Salle Street, Suite 3700<br>Chicago, Illinois 60603-3433<br>Telephone: (312) 499-6700<br><br>***Attorneys for Defendant*** |

## **CERTIFICATE OF SERVICE**

I, Gerald L. Maatman, Jr., an attorney, certify that on April 8, 2024, I caused a true and correct copy of the foregoing document to be filed through the Court's CM/ECF System and served the below Counsel of Record via electronic mail:

Timothy P. Kingsbury
Joseph Dunklin
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Telephone: 312-893-7002
Facsimile: 847-673-1228
tkingsbury@mcgpc.com
jdunklin@mcgpc.com

/s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.