# EXHIBIT A

SUMMONS - CIRCUIT COURT     SCR 101(d)                                     3101 (Rev. 5/23)

**STATE OF ILLINOIS**       **UNITED STATES OF AMERICA**
**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT**   COUNTY OF DU PAGE

| | | |
|---|---|---|
| **JOHN GRABOWSKI, individually and on behalf of similarly situated individuals,**<br><br>PLAINTIFF<br><br>VS<br><br>**LONE WOLF SOFTWARE, INC. d/b/a INCEPTION TECHNOLOGIES**<br><br>DEFENDANT | **2024LA000248**<br><br>**CASE NUMBER**<br><br>**SUMMONS**<br>**CIRCUIT COURT**<br><br>☒ ORIGINAL  ☐ ALIAS | <br><br><br><br><br><br><br><br><br>File Stamp Here |

To each Defendant: **LONE WOLF SOFTWARE, INC. c/o Fred Schmithammer, 6097 N 57TH DR , GLENDALE, AZ 85301**

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the office of the Clerk of the Circuit Court, 505 N. County Farm Road, Wheaton, Illinois, within 30 days after service of this summons not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

You are a party to a civil matter. Read all documents attached to this Summons. Typically, this means you must file an official document with the court, within the time stated on this Summons, called an "Appearance" and a document called an "Answer/Response". Note the Answer/Response is not required for small claims and eviction cases unless ordered by the court. If these documents are not filed on time the court may decide the case without hearing from you, and you could be held in default and lose the case.

Documents must be filed electronically with the court (e-filed), which requires an account be created with an Illinois e-filing service provider, see ilcourts.info/efiling. If you are unable to e-file, you can obtain an exemption that allows filing in-person or by mail.

You may be charged filing fees. If you are unable to pay them, you can file an Application for Waiver of Court Fees. A judge will rule on your eligibility for a fee waiver.

The court may allow you to attend the first court date in this case by videoconference. Visit 18thjudicial.org to find the Zoom link for this case on your court date. Contact the Circuit Court Clerk's office at (630)407-8700 for more information.

Need more help? Visit ilcourthelp.gov or call/text Illinois Court Help at (883)411-1121 for information about going to court, including how to fill out legal documents. Also, free legal information and referrals are available at illinoislegalaid.org. Document forms referred to in this Summons can be found at 18thjudicial.org or ilcourts.info/forms.

¿Necesita ayuda? Llame o envíe un mensaje de texto a Illinois Court Help al (883)411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.

To the Officer

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service and not less than three (3) days before the date of remote appearance. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

| | |
|---|---|
| Date of Service: _____<br><sub>To be inserted by officer on copy left with Defendant or other person.</sub><br><br>Name Timothy P. Kingsbury _____ ☐ Pro Se<br>DuPage Attorney Number: 327349<br>Attorney for: **Plaintiff**<br>Address: 55 W. Wacker Dr., 9th Fl.<br>City/State/Zip: Chicago, IL 60601<br>Telephone Number: 312-893-7002<br>Email: tkingsbury@mcgpc.com | WITNESS: **CANDICE ADAMS,** Clerk of the Eighteenth Judicial Circuit Court, and the seal thereof, at Wheaton, Illinois,<br><br>2/27/2024 3:21 PM<br><br>*Candice Adams* AT<br><br>Clerk of the Eighteenth Judicial Circuit |

CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT
WHEATON, ILLINOIS 60187-0707

SUMMONS - CIRCUIT COURT       SCR 101(d)                                         3101 (Rev. 5/23)

## SHERIFF'S FEES

Service and return ........................................................................... $ _____

Miles _____ ................................................ $ _____

**Total** .......................................................................................... $ _____

Sheriff of _____ County

## SHERIFF'S RETURN

I certify that I served this summons on defendant as follows:

☐    (a)    (Individual - **personal**):
By leaving a copy and a copy of the complaint with each individual as follows:

☐    (b)    (Individual - **abode**):
By leaving a copy and a copy of the complaint at the usual place of abode of each individual with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and the complaint in a sealed envelope with postage fully prepaid, addressed to each individual at the usual place of abode, as follows:

☐    (c)    (Corporation):
By leaving a copy and a copy of the complaint with the registered agent, officer, or agent of each corporation as follows:

☐    (d)    (Other service):

☐    (e)    (Unable to Serve):
By _____ ,   Deputy Badge Number: _____

| | |
|---|---|
| Name of Defendant_____ | Name of Defendant _____ |
| Name of Person summons given to _____ | Name of Person summons given to _____ |
| Sex_____ Race_____ Approximate age_____ | Sex _____ Race _____ Approx. age _____ |
| Place of service_____ | Place of service _____ |
| City , State _____ | City , State _____ |
| Date of service _____ Time_____ | Date of service _____ Time _____ |
| Date of Mailing_____ | Date of Mailing _____ |
| | Sheriff of _____ County |
| Special Process Server of_____ | County Illinois License #_____ |
| | By _____ |

CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT
WHEATON, ILLINOIS 60187-0707

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

| | | |
|---|---|---|
| JOHN GRABOWSKI, individually and on behalf of similarly situated individuals, | ) ) ) | Candice Adams<br>e-filed in the 18th Judicial Circuit Court<br>DuPage County<br>ENVELOPE: 26545184<br>2024LA000248<br>FILEDATE: 2/23/2024 9:20 PM<br>Date Submitted: 2/23/2024 9:20 PM<br>Date Accepted: 2/26/2024 2:41 PM<br>MK |
| *Plaintiff,* | ) ) | No. |
| v. | ) ) | Hon. |
| LONE WOLF SOFTWARE, INC. d/b/a INCEPTION TECHNOLOGIES, a California corporation, | ) ) ) ) | 2024LA000248 |
| *Defendant,* | ) ) | |
| and | ) ) | |
| NAGLE ADVISORS, LLC, an Illinois limited liability company; ARCHER ADVISORS, LLC, an Illinois limited liability company; and PAYLOCITY CORPORATION, an Illinois corporation, | ) ) ) ) ) | **Jury Trial Demanded** |
| *Respondents in Discovery.* | ) ) | |

## CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff John Grabowski ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Lone Wolf Software, Inc. d/b/a Inception Technologies ("Defendant") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows based on personal knowledge as to his own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

## INTRODUCTION

1.     BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints and hand geometry. 740 ILCS 14/10.

2.     "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS 14/10. Under BIPA, biometric information is treated and regulated the same as biometric identifiers. Collectively, biometric identifiers and biometric information are known as "biometrics."

3.     Defendant is a vendor of time and attendance solutions to Illinois employers, and provides its employer customers with a biometrically-enabled cloud hosted service branded as "InfiniTime" in order to perform workforce management services on their behalf, such as employee timekeeping and work-scheduling services.

4.     Defendant's InfiniTime service collects the biometric identifiers, or information derived therefrom (*i.e.* biometric information), of its customers' employees on Defendant's servers – which are connected to its customers' timekeeping hardware – where the data is stored for subsequent comparison and use.

5.     BIPA provides, *inter alia*, that private entities, such as Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as fingerprints and hand scans, or any biometric information, including any data regardless of the manner from which it was converted, or is converted or stored, unless they first:

     a. inform that person in writing that biometric identifiers or biometric information will be collected or stored;

      b.   inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; and

      c.   receive a written release from the person for the collection of their biometric identifiers or biometric information.

740 ILCS 14/15(b)(1)-(3).

6.      BIPA also requires private entities in possession of biometrics to make publicly-available a written policy establishing a retention and destruction schedule for the biometrics in their possession. 750 ILCS 14/15(a).

7.      Finally, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information. 740 ILCS 14/15(c).

8.      Indeed, "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information," 740 ILCS 14/5, and therefore require special treatment compared to other types of personal information. For example, even sensitive information like Social Security numbers, when compromised, can be changed. "Biometrics, however, are biologically unique to each individual and therefore, once compromised, such individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5.

9.      Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating his biometric privacy rights under BIPA.

10.      Compliance with BIPA is straightforward and minimally-burdensome. For example, the necessary disclosures may be accomplished through a single sheet of paper or through a prominently featured notice affixed to a biometric-enabled device.

11. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

12. The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

13. On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members and monetary damages to be determined at trial, together with costs and reasonable attorneys' fees.

## PARTIES

14. At all relevant times, Plaintiff has been a resident and citizen of the state of Illinois.

15. Defendant Lone Wolf Software, Inc. d/b/a Inception Technologies is a California corporation headquartered in Glendale, Arizona. Defendant is a vendor of cloud-based timekeeping and attendance-tracking products and services, such as InfiniTime, and sells such products and services to employers located in Illinois, including in DuPage County, Illinois.

16. Respondent Nagle Advisors, LLC is an Illinois limited liability company headquartered in Illinois, is registered with the Illinois Secretary of State to conduct business in Illinois, and regularly conducts business in the state of Illinois as the owner/operator of Shop & Save grocery stores. On information and belief, Nagle Advisors, LLC possesses information necessary for Plaintiff to adequately ascertain the identity of additional culpable parties in this action.

17. Respondent Archer Advisors, LLC is an Illinois limited liability company headquartered in Illinois, is registered with the Illinois Secretary of State to conduct business in Illinois, and regularly conducts business in the state of Illinois as the owner/operator of Shop &

Save grocery stores. On information and belief, Archer Advisors, LLC possesses information necessary for Plaintiff to adequately ascertain the identity of additional culpable parties in this action.

18.     Respondent Paylocity Corporation is an Illinois corporation headquartered in Illinois, is registered with the Illinois Secretary of State to conduct business in Illinois, and regularly conducts business in the state of Illinois, including providing payroll services for Shop & Save grocery stores. On information and belief, Paylocity Corporation possesses information necessary for Plaintiff to adequately ascertain the identity of additional culpable parties in this action.

## JURISDICTION AND VENUE

19.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this state and because Plaintiff's claims arise out of Defendant's unlawful in-state actions.

20.     Venue is proper in DuPage County pursuant to 735 ILCS 5/2-101, because Defendant is doing business in DuPage County, including providing its InfiniTime services to businesses in DuPage County, and thus resides there under § 2-102.

## FACTUAL ALLEGATIONS

21.     Defendant is a leading provider of cloud-based time and attendance workforce management solutions. As part of its business model, Defendant provides its employer-customers with biometric-enabled timeclocks and/or a biometric-enabled service known as InfiniTime, which is hosted on Defendant's servers.

22.     When one of its InfiniTime employer-customers' workers scans a biometric identifier, such as their fingerprint, hand geometry, or face geometry, into a timeclock connected to Defendant's InfiniTime service, the biometric identifier is converted into a digital format (*i.e.* biometric information) and transmitted to Defendant's servers for storage and future identity authentication purposes.

23.     Since 2019 or earlier, Defendant has provided biometric timekeeping technology and services, including its InfiniTime service, to Illinois entities who are the owners and operators of Shop & Save locations in the Chicago area. Plaintiff worked at one such Shop & Save location at the time when his employer implemented Defendant's InfiniTime service.

24.     During his employment with Defendant's Shop & Save customer, Plaintiff was required to scan his biometric identifier, *i.e.* his fingerprint, into a biometric-enabled timekeeping device connected to Defendant's InfiniTime service each time he clocked in or clocked out of a shift at work.

25.     Thus, each time Plaintiff scanned his finger into the timeclock, his biometric identifier, or information derived directly therefrom, *i.e.* his biometric information, was collected and stored by Defendant and/or on Defendant's servers used to host Defendant's cloud-based InfiniTime platform.

26.     Despite collecting or capturing Plaintiff's biometrics, Defendant failed to provide any written disclosures describing Defendant's purpose for using Plaintiff's biometrics, or the length of term of such use, and Defendant failed to obtain Plaintiff's informed written consent to use his biometrics, all in violation of BIPA.

27. Despite storing and otherwise possessing Plaintiff's biometrics, Defendant failed to make publicly available a written biometric retention and destruction schedule, in violation of BIPA.

28. Further, Defendant disclosed or otherwise disseminated Plaintiff's biometrics to its third-party vendors, such Amazon Web Services, without Plaintiff's informed consent, in violation of BIPA.

29. By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric privacy.

## CLASS ALLEGATIONS

30. Plaintiff brings this action on behalf of himself and a class of similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> **Class**: All individuals whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, or otherwise used by or on behalf of Defendant in or from within Illinois at any time within the applicable limitations period.

31. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

32. On information and belief, there are at least one hundred members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

33.    Plaintiff's claims are typical of the claims of the Class he seeks to represent, because the bases of Defendant's liability to Plaintiff and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class.

34.    There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

a.    Whether Defendant's biometric-enabled, cloud-based systems collect, capture, or otherwise obtain biometric identifiers or biometric information;

b.    Whether Defendant obtains, collects, or relies on data or information that is derived or based on biometric identifiers;

c.    Whether Defendant obtained a written release from Plaintiff and the Class before capturing, collecting, or otherwise obtaining their biometric identifiers or biometric information;

d.    Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometric identifiers or biometric information;

e.    Whether Defendant disclosed or disseminated Plaintiff's and the Class' biometrics to third-parties without their informed consent;

f.    Whether Defendant's conduct violates BIPA;

g.    Whether Defendant's BIPA violations are willful or reckless; and

h.    Whether Plaintiff and the Class are entitled to damages and injunctive relief.

35.    Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class

treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

36.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

37.     Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
### Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(a)
### (On behalf of Plaintiff and the Class)

38.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39.     Defendant is a private entity subject to BIPA. 740 ILCS 14/10.

40.     As discussed above, Plaintiff and the other Class members have had their "biometric identifiers," namely, their fingerprints, and/or data derived therefrom, *i.e.,* "biometric information," collected, captured, obtained, stored, and thus possessed by Defendant through their use of biometric-enabled timekeeping equipment connected to Defendant's cloud hosted employee timekeeping service.

41.     Section 15(a) of BIPA requires any private entity in possession of biometric

identifiers or biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

42. Though Defendant has knowingly come into possession of Plaintiff's and the other Class members' biometric identifiers or biometric information as described herein, Defendant has failed to make publicly available any written policy addressing its biometric retention and destruction practices.

43. As a result, Defendant has violated Section 15(a) of BIPA.

44. Defendant knew, or was reckless in not knowing, that integrating its biometric-enabled timekeeping technology within Illinois and obtaining possession of Illinois individuals' biometrics would subject it to Section 15(a) of BIPA, a statutory provision enacted in 2008.

45. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

46. Defendant's violations of Section 15(a) of BIPA, a statutory provision that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(a) of BIPA.

47. Accordingly, with respect to Count I, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate Section 15(a) of BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with Section 15(a) of BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of Section 15(a) of BIPA, pursuant to 740 ILCS 14/20(2);

e. Awarding statutory damages of $1,000 for each negligent violation of Section 15(a) of BIPA, pursuant to 740 ILCS 14/20(1);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

## COUNT II
### Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(b)
### (On behalf of Plaintiff and the Class)

48. Plaintiff incorporates the foregoing allegations by reference as though fully set forth herein.

49. Defendant is a private entity subject to BIPA. 740 ILCS 14/10.

50. As discussed above, Plaintiff and the other Class members have had their "biometric identifiers," namely their fingerprints, hand geometry, or face geometry, and/or data, derived therefrom, *i.e.*, "biometric information," collected, captured, obtained, stored, and thus possessed by Defendant through their use of biometric-enabled timekeeping equipment connected to Defendant's cloud hosted employee timekeeping service.

51. BIPA requires any private entity, such as Defendant, to obtain informed written consent from individuals before collecting or obtaining their biometric identifiers or biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

52. Defendant's practices with respect to capturing, collecting, storing, and using the biometrics of Plaintiff and the Class members failed to comply with the following requirements of Section 15(b):

      a. Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

      b. Defendant failed to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

12

    c.    Defendant failed to inform Plaintiff and the Class in writing of the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2); and

    d.    Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3).

53.    Defendant knew, or was reckless in not knowing, that integrating its biometric-enabled timekeeping in Illinois, and thereby collecting or otherwise obtaining Illinois individuals' biometrics, would be subject to Section 15(b) of BIPA, a statutory provision that was enacted in 2008.

54.    BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

55.    Defendant's violations of Section 15(b) of BIPA, a statutory provision that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(b) of BIPA.

56.    Accordingly, with respect to Count II, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

    a.    Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b.  Declaring that Defendant's actions, as set forth herein, violate Section 15(b) of BIPA;

c.  Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with Section 15(b) of BIPA;

d.  Awarding statutory damages of $5,000 for each willful and/or reckless violation of Section 15(b) of BIPA, pursuant to 740 ILCS 14/20(2);

e.  Awarding statutory damages of $1,000 for each negligent violation of Section 15(b) of BIPA, pursuant to 740 ILCS 14/20(1);

f.  Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g.  Awarding pre- and post-judgment interest, as allowable by law; and awarding such further and other relief as the Court deems just and equitable.

## COUNT III
### Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(d)
### (On behalf of Plaintiff and the Class)

57.  Plaintiff incorporates the foregoing allegations by reference as though fully set forth herein.

58.  Defendant is a private entity subject to BIPA. 740 ILCS 14/10.

59.  As discussed above, Defendant came into possession of Plaintiff's and the other Class members' biometrics through their use of biometric-enabled timekeeping equipment connected to Defendant's cloud hosted employee timekeeping service.

60.  Section 15(d) of BIPA prohibits any private entity in possession of biometrics, such as Defendant, from disclosing, redisclosing, or otherwise disseminating an individual's biometric

14

identifiers or biometric information without that individual's consent. 740 ILCS 14/15(d).

61.     Defendant has disclosed or otherwise disseminated the biometrics of Plaintiff and the Class members to its third-party cloud technology providers, such as Amazon Web Services, with whom Defendant contracts for cloud storage and data security purposes.

62.     Defendant never obtained Plaintiff's or other Class members' informed consent to disclose or disseminate their biometrics.

63.     Accordingly, Defendant has violated Section 15(d) of BIPA.

64.     Defendant knew, or was reckless in not knowing, that integrating biometric-enabled timekeeping technology within Illinois and obtaining possession of Illinois individuals' biometrics subject it to Section 15(d) of BIPA, a statutory provision enacted in 2008.

65.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

66.     Defendant's violations of Section 15(d) of BIPA, a statutory provision that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(d) of BIPA.

67.     Accordingly, with respect to Count III, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

      a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b.  Declaring that Defendant's actions, as set forth herein, violate 15(d) of BIPA;

c.  Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with 15(d) BIPA;

d.  Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

e.  Awarding statutory damages of $1,000 for each negligent violation of 15(d) of BIPA, pursuant to 740 ILCS 14/20(1);

f.  Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g.  Awarding pre- and post-judgment interest, as allowable by law; and awarding such further and other relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: February 23, 2024

Respectfully submitted,

JOHN GRABOWSKI, individually and on behalf of similarly situated individuals

By:   /s/ Timothy P. Kingsbury
*One of Plaintiff's Attorneys*

Timothy P. Kingsbury
Joseph Dunklin
MCGUIRE LAW, P.C. (Firm ID: 327349)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
jdunklin@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

16

DEMAND FOR A JURY TRIAL

2123 (Rev. 1/23)

**STATE OF ILLINOIS**
UNITED STATES OF AMERICA
**COUNTY OF DU PAGE**
IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT

JOHN GRABOWSKI, individually and on
behalf of similarly situated individuals,

PLAINTIFF / PETITIONER

vs

LONE WOLF SOFTWARE, INC. d/b/a
INCEPTION TECHNOLOGIES,

DEFENDANT / RESPONDENT

2024LA000248

**CASE NUMBER**

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 26545184
2024LA000248
FILEDATE: 2/23/2024 9:20 PM
Date Submitted: 2/23/2024 9:20 PM
Date Accepted: 2/26/2024 2:41 PM
MK

File Stamp Here

**JURY DEMAND**

TO: **CANDICE ADAMS**, Clerk of the Eighteenth Judicial Circuit Court

The ☒ Plaintiff/Petitioner    in the above entitled cause demands a jury for the trial of said cause.
☐ Defendant/Respondent

This matter should be tried by a  ☐ jury of six
☒ jury of twelve

JOHN GRABOWSKI
Printed Name(s) of Parties Demanding Jury

/s/ Timothy P. Kingsbury
Signature of Attorney/Pro Se

Name: Timothy P. Kingsbury    ☐ Pro Se
DuPage Attorney Number: 327349
Attorney for: Plaintiff John Grabowski
Address: 55 W. Wacker Dr., 9th Fl.
City/State/Zip: Chicago, IL 60601
Telephone Number: 312-893-7002
Email: tkingsbury@mcgpc.com

**CANDICE ADAMS, CLERK OF THE 18th JUDICIAL CIRCUIT COURT
WHEATON, ILLINOIS 60187-0707**

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

JOHN GRABOWSKI, individually and on )
behalf of similarly situated individuals, )
                           )
     *Plaintiff,*                )
                           )
            v.               )
                           )
LONE WOLF SOFTWARE, INC. d/b/a )
INCEPTION TECHNOLOGIES, a )
California corporation, )
                           )
     *Defendant,*            )
                           )
     and                  )
                           )
NAGLE ADVISORS, LLC, an Illinois )
limited liability company; ARCHER )
ADVISORS, LLC, an Illinois limited )
liability company; and PAYLOCITY )
CORPORATION, an Illinois corporation, )
                           )
     *Respondents in Discovery.*  )

No. 2024LA000248

Hon. Jennifer L. Barron

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 26583643
2024LA000248
FILEDATE: 2/27/2024 3:21 PM
Date Submitted: 2/27/2024 3:21 PM
Date Accepted: 2/28/2024 8:34 AM
AT

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY

Plaintiff John Grabowski, by and through his undersigned counsel, pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896–97 (7th Cir. 2011). In support of Plaintiff's Motion, Plaintiff submits the following Memorandum of Law.

1

Dated: February 27, 2024

Respectfully submitted,

JOHN GRABOWSKI, individually and on
behalf of similarly situated individuals

By:  /s/ Timothy P. Kingsbury
*One of Plaintiff's Attorneys*

Timothy P. Kingsbury
Joseph Dunklin
MCGUIRE LAW, P.C. (Firm ID: 327349)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
jdunklin@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
### MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR
### A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY

This Court should certify a class of Illinois individuals whose biometric identifiers and biometric information were captured, collected, stored, and used by Defendant Lone Wolf Software, Inc. ("Defendant"). Defendant is a timekeeping services provider. Defendant captured, collected, stored, and used its customers' workers' biometric identifiers and information in an attempt to track their time at work. And in so doing, Defendant has violated Illinois law by obtaining, storing, and using this data without the employees' proper consent, by failing to make publicly available a written retention schedule explaining when Defendant would destroy such biometric information, and by transmitting this information to third parties without the informed consent of Plaintiff and the putative class.

After Plaintiff learned of Defendant's wrongful conduct, Plaintiff commenced suit on behalf of a class of similarly situated individuals to bring an end to the Defendant's violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for all persons injured by its conduct.

### I.     INTRODUCTION: BIPA

The Illinois Biometric Information Protection Act, or BIPA, is designed to protect individuals' personal biometric data. Under BIPA, biometric identifiers include fingerprints and hand geometry; while biometric information is defined as any information based on a biometric identifier, regardless of how it is converted or stored. (Complaint, "Compl.," ¶¶ 1–2.) In recognition of the importance of the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in writing that

biometric identifiers or information will be captured, collected, stored, or used; (2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being captured, collected, stored, and used; (3) receive a written release from the person for the collection of his or her biometric identifiers and/or information; and (4) make publicly available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/5. (Compl., ¶¶ 5–7).

## II.   FACTUAL BACKGROUND

### A.   The Underlying Misconduct.

Defendant is a leading provider of cloud-based time and attendance workforce management solutions. As part of its business model, Defendant provides its employer-customers, including customers in Illinois, with biometric-enabled timeclocks and/or a biometric-enabled service known as InfiniTime, which is hosted on Defendant's servers. (Compl., ¶ 21.) When Defendant's customers' workers scan their biometrics into a timeclock connected with Defendant's biometric-enabled timekeeping service, Defendant collects and stores such biometrics for future authentication purposes. (*Id.* ¶¶ 22-26).

However, Defendant failed to inform the Illinois individuals whose biometrics Defendant collected in writing that it was capturing, collecting, storing, and using their biometrics before such collection; Defendant failed to inform individuals in writing of the specific purpose of capturing, collecting, storing, and using such biometrics; Defendant failed to inform individuals in writing of the specific length of term for which it was collecting, capturing, storing, and using their biometrics; Defendant failed to obtain informed consent from the individuals prior to capturing and collecting their biometric information; Defendant failed to publish a written retention schedule stating when Defendant would destroy the individuals' biometric information and/or biometric

identifiers; and Defendant did not obtain consent to transmit or disseminate Plaintiff's biometrics to third parties, including Amazon Web Services. (*Id.*).

### B.    The Proposed Class

Plaintiff brings this action individually and on behalf of all similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, or otherwise used by or on behalf of Defendant in or from within Illinois at any time within the applicable limitations period.

(Compl., ¶ 30). As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

## III.    ARGUMENT

### A.    Standards for Class Certification

To obtain class certification, it is not necessary for a plaintiff to establish that she will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure,

which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1) The class is so numerous that joinder of all members is impracticable.
> (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3) The representative parties will fairly and adequately protect the interest of the class.
> (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of

6

establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

### B.      The Numerosity Requirement is Satisfied

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members, but must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are at least one hundred members in the Class. (Compl., ¶ 32). Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling).

Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records. Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d

at 200. Accordingly, the first prerequisite for class certification is met.

### C.    Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.*, 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the Class members arise out of the same activity by Defendant, are based on the same legal theory, and implicate, among others, the following common issues: whether Defendant's biometric-enabled hardware and cloud-based system collect, capture, or otherwise obtain biometric identifiers or biometric information; whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics; whether Defendant obtains, collects, or relies on data or information that is derived or based on biometric identifiers; whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometric identifiers or biometric information; whether Defendant profited from its collection and use of Plaintiff's and the Class' biometrics; whether Defendant's conduct violates BIPA; whether Defendant's BIPA violations are willful or reckless; and whether Plaintiff and the Class are entitled to damages and injunctive relief. (Compl., ¶ 34). As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by collecting, capturing, storing and/or or using the biometrics of Class members without obtaining a written release and without providing a retention schedule to them

or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff have satisfied this hurdle to certification.

### D.      Adequate Representation

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interests as the members of the proposed Class. Plaintiff has alleged that, like the other members of the Class, Plaintiff was subjected to Defendant's biometric timekeeping technology and that Defendant captured, collected, stored, and disseminated Plaintiff's biometrics in violation of BIPA. Plaintiff's pursuit of this matter against Defendant demonstrates that Plaintiff will be a zealous advocate for the Class. Furthermore, proposed class counsel has regularly engaged in major complex and class action litigation in state and federal courts and have been appointed as class counsel in several complex consumer class actions. Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Classes, thus satisfying Section 2-801(3).

E.    **Fair and Efficient Adjudication of the Controversy**

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of…protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving data privacy violations and data breaches, which can involve significant injury to the those affected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

10

Certification of the proposed Class is necessary to ensure that the Class members' privacy rights in their biometrics are sufficiently protected and to compensate those individuals who have had their statutorily-protected privacy rights violated and who have not been informed as to the status of their own biometric information. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV. CONCLUSION

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiff respectfully requests that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing Plaintiff's attorneys as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: February 27, 2024

Respectfully submitted,

JOHN GRABOWSKI, individually and on behalf of similarly situated individuals

By: /s/ Timothy P. Kingsbury
*One of Plaintiff's Attorneys*

Timothy P. Kingsbury
Joseph Dunklin
MCGUIRE LAW, P.C. (Firm ID: 327349)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
jdunklin@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

11

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on February 27, 2024, a copy of *Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery* was filed electronically with the Clerk of Court using the e-filing system, with a copy to be delivered to the Defendant's registered agent.

/s/ Timothy P. Kingsbury

12